NH

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mateo Rodriguez-Pardo,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Luis Rosa, Jr.,<br><br>　　　　　Respondent. | No.　CV-26-02835-PHX-SMB (CDB)<br><br><br>**ORDER** |

Petitioner Mateo Rodriguez-Pardo, who is represented by counsel, has filed a Petition Under 28 U.S.C. § 2241 challenging his immigration detention (Doc. 1).[1]  The Court will require Respondents to answer the Petition.

**I.　Petition**

Petitioner is a citizen of Columbia who entered the United States on July 31, 2021, with his mother and younger brother when he was 19 years old.  All three were detained by immigration authorities upon entry.  His mother and brother were eventually released on their own recognizance and Petitioner was released on October 21, 2021, on a $2000.00 bond.  At the time of his mother's and brother's release, immigration authorities placed them in removal proceedings, and his mother filed an asylum application listing Petitioner and his brother as derivative beneficiaries because they were under the age of 21.

---

[1] Petitioner also filed an Application for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction (Doc. 2).  Because the Court is directing Respondents to promptly respond to the Petition, the Court finds that Petitioner is not entitled to injunctive relief at this time.

TERMPSREF

Petitioner's previous immigration counsel failed to inform the Immigration Court when Petitioner turned 21, which "significantly prejudiced his case." In January 2024, an Immigration Judge (IJ) denied Petitioner's mother's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioner's mother appealed the decision, but the decision was denied.

On October 2, 2024, Petitioner received a "Notice to Obligor" regarding his bond, which requested that Petitioner appear at an Immigration and Customs Enforcement office on a specified date for the purpose of his removal. On November 4, 2024, Petitioner appeared as directed and was detained by immigration authorities. The Ninth Circuit Court of Appeals granted Petitioner a stay of removal.

On January 31, 2025, Petitioner filed a motion with the Board of Immigration Appeals (BIA) that alleged prejudice caused by ineffective assistance of counsel during his removal proceedings.[2] Petitioner's previous immigration counsel also withdrew Petitioner's asylum claim during his individual hearing, even though the IJ determined Petitioner's claim had merit. The BIA vacated its prior decision to the extent that the BIA determined Petitioner was not eligible to pursue withholding of removal or CAT protection and decided to reconsider Petitioner's appeal from the IJ's January 2024 decision.

On September 23, 2025, an IJ denied Petitioner's request for custody determination, finding that Petitioner had not met his burden to establish that the IJ had jurisdiction to grant him bond. The following day, the Ninth Circuit entered an order dismissing Petitioner's petition for review because the BIA vacated the order of removal and Petitioner did not have a final order for review. The Ninth Circuit also denied Petitioner's stay of removal and lifted the temporary emergency stay of removal. Petitioner has remained detained for over 17 months.

Petitioner claims that his prolonged detention is a violation of 8 U.S.C. §1225(b)(2),

---

[2] Specifically, Petitioner alleged prejudice due to his inability to bring forward his own claims for Withholding of Removal and for protection under the Convention Against Torture, because he was over 21 years old and still a derivative on his mother's application.

TERMPSREF

his Fifth Amendment right to due process, his Fourth Amendment right against seizure absent probable cause, and the Administrative Procedure Act. Petitioner seeks release from custody.

The Court will require Respondents to answer the Petition.

**IT IS ORDERED:**

(1)     Petitioner's Application for Temporary Restraining Order and Order to Show Cause regarding Preliminary Injunction (Doc. 2) is **denied without prejudice.**

(2)     Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(3)     If not already issued, the Clerk of Court must issue any properly completed summonses.

(4)     The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)     Respondents must answer the Petition within **20 days** of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(6)     Petitioner may file a reply within **10 days** from the date of service of the answer.

. . . .

. . . .

. . . .

. . . .

. . . .

TERMPSREF

- 3 -

(7)   This matter is referred to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 29th day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge