**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mateo Rodriguez-Pardo,<br>Petitioner,<br>v.<br>Luis Rosa, Jr., Warden of Florence Processing Center, et al.,<br>Respondents. | No. CV 26-02835 PHX SMB (CDB)<br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN M. BRNOVICH:**

Petitioner, a native and citizen of Colombia, filed a counseled § 2241 petition on April 23, 2026, while he was detained at the Florence Correctional Center. After an Order to Show Cause (ECF No. 17) was issued, Respondents docketed an untimely response to the petition on July 28, 2026, averring Petitioner was not entitled to relief because his order of removal was final and his detention was mandatory. (ECF No. 20). As of August 5, 2026, the Department of Homeland Security's Immigration and Customs Enforcement Online Detainee Locator System returned "zero (0) matching records" for an individual with Petitioner's A number and a birth country of Colombia. Accordingly, Petitioner's counsel was allowed until August 10, 2026, to file notice advising whether Petitioner had been removed from the United States or released from detention and his petition was therefore moot. Counsel has advised that Petitioner was removed from the United States on August 4, 2026. (ECF No. 23).

It is noted that Petitioner was not, as of July 28 or August 5, 2026, under a final order of removal. On August 11, 2025, Petitioner appealed the Board of Immigration

Appeals' denial of relief from the Immigration Judge's order of removal to the Ninth Circuit Court of Appeals. *See Rodriguez-Pardo v. Blanche*, 25-5049 (9th Cir.). A stay of removal was entered pursuant to General Order 6.4 on October 24, 2025. (*Id.* at Docket Entry 10). On June 1, 2026, the Ninth Circuit Court of Appeals denied relief. However, notwithstanding the Ninth Circuit's denial of review, the order of removal was not "final" because the Ninth Circuit's mandate had not yet issued (and the Ninth Circuit's mandate still has not issued). Until a mandate issues the Ninth Circuit retains jurisdiction over Petitioner's order of removal, including the ability to modify or rescind its prior opinion denying relief. And the Circuit Court of Appeals' order in this context is not "final" until the mandate issues. *See Mariscal-Sandoval v. Ashcroft*, 370 F.3d 851, 856 (9th Cir. 2004); *Duralev v. Mayorkas*, 2022 WL 3700851, *1 (9th Cir. Aug. 26, 2022); *Maling v. McAleenan*, 2019 WL 2897508, at *1 (9th Cir. Apr. 23, 2019); *Fonua v. United States*, No. 24-cv-00385, 2024 WL 4332650, at *3 (D. Nev. Sept. 27, 2024) (wherein the *government* allowed the 90-day post-final order of removal mandatory period of detention began to run on the date the mandate issued); *Carrillo v. Rosa*, No. 23-cv-00269, 2023 WL2786835, at *3 (D. Nev. Apr. 5, 2023); *Rodriguez v. ICE Field Off. Director*, No. 12-cv-503, 2012 WL 3051052, at *2 (W.D. Wash. June 2, 2012). In *Mariscal-Sandoval* the Ninth Circuit held that as long as the Ninth Circuit retains jurisdiction over a case, i.e., until a mandate has issued, any stay remains in place. *See* 370 F.3d at 857 (ordering the clerk of the court to vacate the petitioner's stay of removal only when the mandate issued rather than the filing of the opinion denying the petition). *See also Cruz Tzoc-Alfaro v. Gonzales*, 235 F. App'x 423, 425 (9th Cir. 2007); *Matas v. Blanche*, No. 25-4848, 2026 WL 2199199, at * 2 n.1 (9th Cir. July 2, 2026).

Therefore, it appears the Government has removed from the United States an individual who was not under a final order of removal. But this issue is mooted by the fact that Petitioner has been removed. And because the only relief sought, and the only relief the Court had the power to grant pursuant to § 2241, was Petitioner's release from detention,

**IT IS RECOMMENDED that** the petition at ECF No. 1 and the pending motions all be **denied as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. Rule 72(b), Federal Rules of Civil Procedure, provides that the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Pursuant to Rule 7.2(e)(3) of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 11th day of August, 2026.



Camille D. Bibles
United States Magistrate Judge